**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MINA SAAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2249-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Mina Saad, a citizen of Egypt proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Egypt who was admitted to the United States on or about March 5, 2024, as a non-immigrant visitor for business with authorization to remain until September 4, 2024. (Doc. 8, at Ex. 1, at 1).

- On May 1, 2026, Petitioner was served with a Notice to Appear charging him as removable because he remained in the United States longer than permitted. (*Id.*)

- Petitioner alleges he has been detained by ICE since on or about May 4, 2026. (Doc. 1, at 4).[3]

- On August 24, 2026, an Immigration Judge ordered Petitioner removed to Egypt. (Doc. 8, at Ex. 2, at 3). Petitioner reserved appeal, (*id.* at 4), and the Board of Immigration Appeals ("BIA") received his appeal on September 2, 2026, and it remains pending. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 23, 2026).

- Nothing in the record indicates that Petitioner has been provided with a bond hearing.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1; Doc. 10, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. His detention violates 8 U.S.C. § 1231(a)(6) because he has been detained beyond the removal period, and ICE is not likely to remove him in the near future. (Doc. 1, at 6).

---

[3] Respondents state that Petitioner has been in custody since he was served with the Notice to Appear on May 1, 2026. (Doc. 8, at 2). The discrepancy is not material to resolving this matter.

2. His prolonged detention violates the Fifth Amendment's Due Process Clause. (*Id.*)

3. His wife is a lawful permanent resident, and his removal would cause extreme emotional hardship to his family. (*Id.*)

4. He has a pending asylum case, and his life will be in danger if he is removed. (*Id.* at 7).

As relief, Petitioner requests his immediate release from ICE custody. (*Id.*)

Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1231 and that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "has no bearing on this matter." (Doc. 8, at 1). They argue that Petitioner's detention falls within the presumptively reasonable six-month period of post-removal-order detention and that his due process claim fails for the same reason. (*Id.* at 2-5).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner Is Detained Under § 1226(a) and Is Entitled to a Bond Hearing.

Both parties proceed as though 8 U.S.C. § 1231 governs Petitioner's detention. (Doc. 1, at 6; Doc. 8, at 1-4). But "[b]ecause the legality of Petitioner's continued detention depends upon the source of the Government's detention authority," the undersigned must identify the statutory basis for Petitioner's detention as a threshold matter. *Zhakhonov v.*

*Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026).

The INA divides detention authority among three provisions. Sections 1225 and 1226 govern detention while removal proceedings are ongoing, and § 1231 governs detention once a non-citizen is subject to a final order of removal. *See* 8 U.S.C. §§ 1225(b), 1226(a), 1231(a)(1)-(2). Section 1225 applies primarily to non-citizens who are "applicants for admission"[4] and "seeking admission" to the United States at the border, while § 1226 "generally governs the process of arresting and detaining" non-citizens "pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Section 1225 provides for mandatory detention, and § 1226(a) grants ICE the discretion to continue detention of the non-citizen or to release the non-citizen on bond.

Petitioner was lawfully admitted to the United States as a non-immigrant visitor, (Doc. 8, at Ex. 1, at 1), so he is no longer an "applicant for admission" or "seeking admission." Rather, Petitioner is among the "aliens already in the country pending the outcome of removal proceedings" whose detention § 1226 governs. *Jennings*, 583 U.S. at 289; *Santillan Quiroz*, 180 F.4th at 1237 (holding "that noncitizens who entered the United

---

[4] An applicant for admission is defined as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)). Petitioner is therefore detained under § 1226(a).

Section 1231 governs detention only once the removal period begins, which, as relevant here, is when the removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Because Petitioner's appeal to the BIA remains pending, his removal order is not administratively final. *See* 8 U.S.C. § 1101(a)(47)(B) (a removal order becomes administratively final "upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals; (b) Upon waiver of appeal by the respondent; (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time . . . ."). Thus, § 1231 does not govern Petitioner's detention.[5]

Because Petitioner is subject to § 1226(a) and has not received the bond hearing

---

[5] Respondents' position is difficult to square with the record. Respondents describe the August 24, 2026, removal order as "a final order," (Doc. 8, at 2), and argue that Petitioner had been in post-removal-order detention for "slightly less than three weeks," (*id.* at 4). But Respondents' own exhibit shows that Petitioner reserved his right to appeal and that his appeal was due September 23, 2026. (Doc. 8, at Ex. 2, at 4). And the BIA received Petitioner's appeal on September 2, 2026, eight days before Respondents filed their Response. The Response does not mention the appeal. Nor did Respondents' later notice, (Doc. 10), even after the Court's Order observed that the BIA had received the appeal. (Doc. 9, at 1). Respondents bear the responsibility of accurately identifying the statutory authority under which they detain Petitioner, and the record they submitted to the Court clearly shows that § 1231 does not supply it.

provided by that statute, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th at 1251 n.13; *Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's remaining claims.[6] *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

[6] Petitioner's first claim invokes 8 U.S.C. § 1231(a)(6), (Doc. 1, at 6), which, as explained above, does not govern his detention. And Petitioner's family circumstances and pending claim for relief from removal, (*id.* at 6-7), are matters the immigration judge may consider at the bond hearing, not independent grounds for habeas relief.

**The Court advises the parties of their right to object to this Report and Recommendation by October 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[7] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 23rd day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").